ERNEST A. GRIEF, petitioner,

*v.*

EMMA A. GRIEF, defendant.

[Heard and determined September 15th, 1924.  Filed October 1st, 1924.]

**Divorce—Extreme Cruelty—Statute Means More Than Here Shown—Testimony Lacking Corroboration.**

On petition for divorce.  On final hearing.

*Mr. Walter S. Keown* and *Mr. George A. Rothemal,* for the petitioner.

*Mr. Albert S. Woodruff,* for the defendant.

LEAMING, V. C. (orally).

I think it is perfectly clear that a decree of divorce cannot be sustained in this case. The statutory extreme cruelty which the statute now provides as a ground for absolute divorce means something more than has been shown in this case against the wife, and, besides, there is no corroboration of much of the claim made by the petitioner. Even the shooting affair, the details of which also lack corroboration,

cannot be classed as extreme cruelty within the statute; it occurred at the moment of a quarrel and personal encounter between the parties, and was a single act of frenzy of the moment. I am convinced that the petition necessarily fails.

The cross-bill for maintenance must be sustained almost from necessity if the petition fails, because the defendant in the original suit is the wife of the petitioner, to which he owes the common law duty of support; he owes that duty to her and to society. Further than that, I think the corroborated evidence on behalf of the defendant justifies a decree. I think the evidence is such as to show that the conduct of the petitioner has made it impossible for the defendant to live with him with safety to her person. Even now she carries marks of his violence, and the petitioner upon the witness-stand says he will not live with her; and the very fact that he charges extreme cruelty and seeks a divorce is in the nature of evidence that he does not desire to live with her as a lifemate and companion. The facts appearing before me seem to necessitate a decree in favor of the cross-petitioner for support. I think $7.50, which is approximately one-third if the petitioner's income, is a proper amount to award, and I will advise a decree for that amount.

Mr. Woodruff—And the usual counsel fee, if the court please?

The Court—Yes.